STRAHAN v. STATE.*

(Division A.    May 31, 1926.)

[108 So. 502.    No. 25448.]

HOMICIDE.    *Defendant held entitled to peremptory instruction where evidence, not in conflict with state's evidence, showed killing was in self-defense, and state's contention that killing was not in self-defense rested on extrajudicial statements containing no admission of guilt and manifestly untrue.*

Where defendant's evidence showed that he killed deceased in self-defense and was not in conflict with evidence of state, and state's contention that killing was not in necessary self-defense rested on extrajudicial statements of defendant which were manifestly untrue and contained no admission of guilt, defendant was entitled to peremptory instruction.

*Corpus Juris-Cyc. References: Homicide, 30CJ, p. 329, n. 18, 19.

APPEAL from circuit court of Lamar county.
HON. J. Q. LANGSTON, Judge.

Leon Strahan was convicted of a crime, and he appeals. Reversed and defendant discharged.

*J. W. Cassedy* and *J. C. Street,* for appellant.

I.    This is not a case where the state's evidence shows a deliberate killing by the use of a deadly weapon, from which malice might be inferred, because there is no testimony in the case showing a deliberate killing. On the contrary, the state introduced the sheriff and the sheriff

testified that the defendant was the only witness by whom it was shown, on a former trial, what the circumstances were under which the shooting occurred. While it is true, as the sheriff testified for the state, that appellant said he killed John Smith and that John Smith was in the yard at the time, he also states clearly in his cross-examination that this was not all of the defendant's former testimony; but that he also stated that he shot and killed the deceased John Smith in order to save himself; that they were struggling together over the pistol and it was either his life or Smith's; and just as they went out of the back steps and broke loose at or near the bottom step, Smith immediately returned to the fight, the pistol was fired rapidly three times and the death of John Smith resulted. This is corroborated by the testimony of the two boys who say they saw the flash of the pistol, one at the back of the house, one at the back door; this is corroborated by the negro boy who says he saw the pistol fire at or near the back door, and also borne out by the wounds on the body of John Smith, two of them ranging downward and one of them slightly downward. It is also corroborated by the fact that John Smith was facing the steps and was shot in front, and the blood on the ground which indicated that he was closer to the steps when the shots were fired than when he fell. We submit that the court should have granted the appellant a peremptory instruction on the evidence.

II. Appellant also assigns as error the action of the court in allowing the sheriff to testify as to isolated statements made by the appellant while testifying as a witness in his own behalf at a former trial, when it was shown that the evidence of the defendant was taken down by the stenographer, transcribed by him, and same was then in the possession of the district attorney and could have been introduced by him if he so desired.

It is a rule of law as to any supposed adverse statement made by a defendant charged with crime that the

state would be required to show the entire statement and not that part only which it claims to be beneficial to the state's theory. In addition to this, we submit that it was error for the court to allow the district attorney to take this course because it in effect forced and compelled the defendant to testify in his own defense whether he wanted to or not.

III. Under the evidence we submit that the state not only failed to make out a case of murder or manslaughter against the appellant; but on the contrary, all the facts and circumstances tend to show that the appellant was guilty of no crime whatever. And the peremptory instruction ought to have been granted.

*J. A. Lauderdale,* Special Assistant Attorney-General, for the state.

The fact that defendant immediately after the shooting stated that he killed Smith to prevent him from searching his house without a search warrant, then a few hours later denied that he had killed him at all, then on the trial of this cause swore that he killed him in self-defense, would justify the jury in discrediting his entire statement. It is true that this contradiction goes only to the credibility of this witness, but I submit that it is sufficient to fully warrant the jury in disbelieving and disregarding his entire testimony.

Sheriff Smith testified that he was present when Strahan was tried on this same charge in the circuit court of Pearl River county; that as a witness in his own behalf at said trial, Strahan testified that he killed Smith. This testimony was objected to and the objection was overruled and is here assigned as error.

On cross-examination this witness repeated several self-serving declarations of Strahan made by him in the same testimony. In other words, counsel for defendant

brought out fully and clearly by this witness all the details that Strahan had testified to and also his claim that he shot Smith in self-defense. Counsel for defendant had a copy of the stenographer's elongated notes, and could have used them in contradicting this witness. He did not use these notes for that purpose and did not introduce a copy of them. Appellant's testimony when he was on the stand was the same as that detailed by the sheriff and the sheriff's testimony only tended to corroborate the defendant's testimony.

This testimony was admissible because it is always competent to prove the statements of a defendant made elsewhere, when made freely and voluntarily, and it is not incumbent upon the state to prove his whole statement when a part of it is introduced.

Argued orally by *J. W. Cassedy,* for appellant, and *J. A. Lauderdale,* Assistant Attorney-General, for the state.

SMITH, C. J., delivered the opinion of the court.

The state's contention that the appellant did not kill the deceased in necessary self-defense rests upon two extrajudicial statements of the appellant, both of which are manifestly untrue, but neither of which if true contain any admission of guilt, and on evidence of a part of what occurred when the deceased was killed.

The evidence for the appellant discloses all of what occurred at the killing, and is not in conflict with the evidence of that portion of what there occurred that was introduced by the state, shows that the appellant killed the deceased in self-defense, and there is nothing in the evidence to warrant the jury in rejecting it.

The peremptory instruction requested by the appellant should have been granted. The judgment of the court below will be reversed and the appellant discharged.

*Reversed and appellant discharged.*